IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mohammad Yusuf, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-CV-1394 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| Chicago Police Department, City of ) | |
| Chicago, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

When he joined the Chicago Police Department in 2004, plaintiff Mohammad Yusuf, a man of Egyptian ancestry, indicated on his employment paperwork that his race was Caucasian. Second Am. Compl. ¶ 8, Dkt. No. 48. In 2024, Yusuf applied to change his racial designation, but the City denied his request, allegedly based on a policy prohibiting police officers from changing the race reflected in their personnel records. *See* Second Am. Compl. ¶¶ 9–13. Yusuf has sued the City of Chicago, alleging race discrimination under 42 U.S.C. § 1983; the Equal Protection Clause; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

The City moves to dismiss the Second Amended Complaint for failure to state a claim. Every complaint must set out a plausible claim supported by well-pleaded facts raising the plaintiff's right to relief above the speculative level. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To state claims for race discrimination, Yusuf must plausibly allege that he experienced an adverse employment action because of his race. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 966 (7th Cir. 2019) (per curiam), and cases cited therein.

Paragraph five says that Yusuf "currently identifies as Egyptian and African American," but it does not say whether or not Yusuf's self-identification and actual race are the same. There

is reason to think they are not, for paragraph eight asserts that Yusuf selected "Caucasian" on his 2004 employment form despite having the option to select "African American." Currently, according to the Second Amended Complaint, Yusuf describes himself variously as "African" (¶ 13) and African American (¶ 5), which may or may not be intended to be the same. He pleads in paragraph ten that he "wants to change his race on CPD paperwork, to African." Second Am. Compl. ¶¶ 9–13. The Second Amended Complaint contains no consistent allegations of Yusuf's race or his perceived race, and without such allegations as a well-pleaded fact, the Second Amended Complaint's claims of race discrimination fail.

      Putting aside this confusion about Yusuf's race, Yusuf appears to be claiming that he was the victim of discrimination against "Caucasians" or "whites." Second Am. Compl. ¶¶ 33–35. He does not allege, however, that he was perceived as Caucasian, but rather that he was the victim of discrimination against Caucasians because years earlier he had checked the "Caucasian" box on his employment paperwork. *See* Second Am. Compl. ¶ 35. Significantly, Yusuf fails to allege that any decisionmaker relied on this paperwork in making promotion decisions.

      In addition, Yusuf pleads a number of the Second Amended Complaint's non-conclusory allegations of intentional discrimination against white police officers "on belief." *See* Second Am. Compl. ¶¶ 31–33, 69. This phrase contrasts with the familiar "information and belief," which is a representation that a plaintiff "has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that he believes to be true." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (quotation and citations omitted). By omitting "on information," Yusuf omits to represent that the complaint's factual allegations have, or are likely to have, evidentiary support. *See id.*; Fed. R. Civ. P. 11(b)(3). Belief without factual support is speculation, and speculation does not satisfy the plausibility standard. *See Twombly*, 555 U.S. at 570. Yusuf's pleading of key discrimination allegations "on belief" independently justifies dismissal.

      For the foregoing reasons, the Second Amended Complaint is dismissed for failure to state a claim upon which relief can be granted. The court grants Yusuf leave to file a Third Amended Complaint within twenty-eight days to attempt, if he wishes to try, to correct the defects in the Second Amended Complaint. Counsel is strongly encouraged to proofread carefully any Third Amended Complaint before filing it and ensure that the requirements of Rule 11 are satisfied.

Date: September 29, 2025                                          /s/ Joan B. Gottschall
                                                                                                                                                                        United States District Judge