IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MOHAMMAD YUSUF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01394 |
| ) | |
| CITY OF CHICAGO, a municipal corporation ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, Yusuf, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b) for an extension of time to file the Third Amended Complaint. [Dkt. 50] The deadline to file the Third Amended Complaint was October 27, 2025, and Plaintiff seeks a brief extension of fourteen (14) days, to and including November 10, 2025. In support of this Motion, Plaintiff states as follows:

**BACKGROUND**

1. On September 29, 2025, this Court issued an Order [Dkt. 50] granting Defendant's motion to dismiss the Second Amended Complaint with leave to amend.

2. The Court granted Plaintiff leave to file a Third Amended Complaint within twenty-eight (28) days, on or before October 27, 2025. [Dkt. 50]

3. Plaintiff has been diligently working to prepare the Third Amended Complaint to address the deficiencies identified by the Court.

4. On October 15, 2025, undersigned counsel sustained a refracture of her foot, resulting in significant pain, restricted mobility, and three medical appointments last week. Undersigned counsel is prepared to provide medical documentation to the Court upon request.

1

5. As a result of this injury and related treatment, counsel's ability to work for extended periods, concentrate, and complete the detailed revisions to the anticipated Third Amended Complaint was materially impaired in the days leading up to the October 27, 2025 deadline.

6. During this same period, undersigned counsel was actively managing simultaneous litigation deadlines in other matters, including summary judgment practice in *Guzman v. Stickney Police Department* and ongoing discovery obligations in *Conroy v. Cornell School District*. Counsel was required to address those matters on an expedited basis, including preparing and seeking relief from briefing deadlines in *Guzman*, while also attending to discovery management in *Conroy*. Those obligations demanded substantial attorney time during the same window in which the Third Amended Complaint was due in this case.

7. Because of the combination of (a) the medical emergency, (b) resulting work limitations, and (c) counsel's concurrent deadlines and court-ordered obligations in other active cases, undersigned counsel inadvertently mis-calendared the amendment deadline in this case as October 28, 2025, rather than October 27, 2025.

8. The calendaring error was discovered on October 28, 2025. Plaintiff moved promptly to seek relief and prepared this Motion immediately upon discovery of the missed deadline.

9. Plaintiff has been working diligently on the Third Amended Complaint and will be able to finalize and file it within the requested fourteen-day extension.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of whether neglect is excusable is an equitable one, taking into account all relevant circumstances, including:

(1) the danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)("The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances.")

## ARGUMENT

Applying the *Pioneer* factors, Plaintiff's brief delay constitutes excusable neglect warranting an extension:

First, Defendant will suffer no prejudice from a fourteen-day extension. The case remains in the pleading stage, discovery has not commenced, and no trial date is scheduled.

Second, the brief extension will not impact the judicial proceedings or cause any delay in the resolution of this case.

Third, the reason for the delay was largely beyond Plaintiff's control. Plaintiff's broken foot is a legitimate medical emergency that impaired Plaintiff's ability to work. Combined with various doctor's appointments and the inadvertent calendaring error by one day, these circumstances demonstrate excusable neglect rather than intentional disregard of the Court's deadline.

Fourth, Plaintiff has acted in good faith. Plaintiff immediately filed this Motion upon discovering the error and has been working diligently to complete the Third Amended Complaint. Plaintiff is prepared to provide medical documentation substantiating the injury.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion and extend the deadline to file the Third Amended Complaint to November 10, 2025.

Dated: October 28, 2025

Respectfully submitted,

s/ Gianna Basile

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2025, I served a copy of the foregoing Plaintiff's Emergency Motion for Extension of Time to File Third Amended Complaint upon counsel for Defendant via the Court's CM/ECF system.

s/ Gianna Basile